[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10059
Non-Argument Calendar

_____

D. C. Docket No. 06-00096-CR-FTM-99SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANSELMO RODRIGUEZ,
a.k.a Victor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 9, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Anselmo Rodriguez was convicted by a jury on both counts of an indictment

charging him with conspiring to possess with intent to distribute and manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 846 and 841 ("Count 1"), and one count of possessing, using, carrying and brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"). The court sentenced Rodriguez to 78 months of imprisonment on Count 1 and 84 months of imprisonment on Count 2, to be served consecutively. On appeal, Rodriguez does not challenge his conviction for the drug trafficking conspiracy, nor does he dispute that he brandished a firearm on October 8, 2005. Instead, Rodriguez argues that the conspiracy terminated before the firearm incident, as two of his co-conspirators had withdrawn from the conspiracy and had been arrested in September 2005, and that the evidence was otherwise insufficient for a reasonable jury to conclude that the incident took place "during and in relation to" the conspiracy.

We review de novo the sufficiency of the evidence supporting a criminal conviction. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). We must determine whether "a reasonable juror could conclude that the evidence establishes guilt beyond a reasonable doubt." *Id*. In considering the sufficiency of the evidence, we view all of the evidence "in the light most favorable to the verdict, drawing all reasonable inferences and resolving all questions of credibility

2

in favor of the government." *Id*.

To convict a defendant under 18 U.S.C. § 924(c)(1)(A), the government must establish both that the defendant used or carried a firearm, and that he used or carried it "during and relation to" a drug trafficking crime. *United States v. Timmons*, 283 F.3d 1246, 1250 (11th Cir. 2002). The phrase "in relation to" means that "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238, 113 S. Ct. 2050, 2058-59, 124 L. Ed. 2d 138 (1993). In other words, "the gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *Id*., 113 S. Ct. at 2059 (internal quotation marks and alterations omitted).

Rodriguez moved for a judgment of acquittal after the government rested, and the district court took the motion under advisement, reserving judgment on the matter until after the verdict. The court expressed some initial reservations about the sufficiency of the evidence to support the conviction as to the firearm count.

The evidence at trial reflected that Rodriguez discharged a firearm at a co-conspirator after learning that the co-conspirator reported to law enforcement about Rodriguez's involvement in the marijuana cultivation operation. The co-conspirator's wife and child were nearby at the time of the incident, although

3

neither suffered any physical injuries related to the incident. There is evidence that when a law enforcement officer approached the scene, Rodriguez pointed the firearm at the officer.

Rodriguez argues that the government failed to prove any nexus between the firearm and a drug trafficking crime. He argues that when he discharged the firearm in the direction of a co-defendant on October 8, 2005, the co-conspirators had withdrawn from the conspiracy, had been arrested, and Rodriguez had terminated his own involvement in the conspiracy. Therefore, the jury could not reasonably have concluded that he brandished the firearm or used it to facilitate the conspiracy. It was, he argues, an act of personal animosity not in furtherance of a conspiracy.

Having reviewed the relevant parts of the record and the parties' briefs, we hold that a reasonable jury could have concluded that the evidence was sufficient to establish Rodriguez's guilt as to the firearm offense beyond a reasonable doubt. We agree with the district court that at the time that he brandished the firearm, Rodriguez "still remained a conspirator who had not withdrawn or terminated his involvement, and there was evidence of the involvement of other conspirators in connection with the distribution of marijuana. The evidence clearly establishes that the shooting was not accidental or coincidental, and . . . the shooting could

4

potentially facilitate the drug conspiracy as retaliation for cooperation with the police as an example to other conspirators." Accordingly, we find that the district court did not err in denying Rodriguez's motion for a judgment of acquittal, and we affirm his conviction.

**AFFIRMED.**